AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>691-695 West Baseline Road, Phoenix, Arizona 85041,<br>4745 East Charles Drive, Paradise Valley, Arizona<br>85253, a cellular telephone utilizing the phone number<br>909-767-3488 used by Tony-Khalid SALEM, a cellular<br>telephone utilizing the phone number 602-580-2269 used<br>by Mario Daniel BECERRA, a cellular telephone<br>utilizing the phone number 602-783-4604 used by<br>Freddy GRANADO, a 2023 black Dodge Ram 1500<br>displaying Arizona license plate EWA34S, a 2023 white<br>Interstate West Corporation utility trailer displaying<br>Arizona license plate VLA2FW, a 2015 black Jeep<br>Grand Cherokee displaying Arizona license plate<br>TGA450, and a 2019 gray Chevrolet Silverado<br>displaying Arizona License Plate JHA2DNA, as<br>described in Attachments A1-A9. | Case No.   25-6177MB<br><br>**(Filed Under Seal)** |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachments A1-A9.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachments B1-B9.**

**YOU ARE COMMANDED** to execute this warrant on or before   May 9, 2025      _(not to exceed 14 days)_
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days (_not to exceed 30_) ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    April 25, 2025@4:55pm          _____
                                                         _Judge's signature_

City and state: <u>Phoenix, Arizona</u>          <u>Honorable ALISON S. BACHUS, U.S. Magistrate Judge</u>
                                                _Printed name and title_

## ATTACHMENT A-1

*Property to be searched*

The property to be searched is **Subject Premises 1**, located at **691-695 West Baseline Road, Phoenix, Arizona 85041**, further described as a single-story business located on the southwest corner of South 7th Avenue and West Baseline Road. The business faces north and is a strip mall or strip plaza. The business is yellow in color and has a black sign with white lettering outlined in red above that reads "PAWN".





## ATTACHMENT A-2

*Property to be searched*

The property to be searched is **Subject Premises 2**, located at **4745 East Charles Drive, Paradise Valley, Arizona 85253,** further described as a single-story residence, white/cream in color with a light brown composite shingle roof. There is a brown colored mailbox at the base of the driveway with the numbers "4745" affixed to the front. The residence is located just southeast of East Charles Drive and North Lillian Lane in Paradise Valley, Arizona. The area to be searched includes the entire premises, as well as any garages, rooms, attics, basements, and other parts therein, as well as the surrounding grounds, including any storage rooms, trash containers, and out-buildings of any kind located on the **Subject Premises 2**.






## ATTACHMENT A-3

*Property to be searched*

The property to be searched is **Cellular Telephone 1**, utilizing phone number **909-767-3488** being used by Tony-Khalid SALEM. This warrant authorizes the forensic examination of **Cellular Telephone 1** for the purpose of identifying the electronically stored information described in Attachment B-3.

# ATTACHMENT A-4

*Property to be seized*

The property to be searched is **Cellular Telephone 2**, utilizing phone number **602-580-2269** being used by Mario Daniel BECERRA. This warrant authorizes the forensic examination of **Cellular Telephone 2** for the purpose of identifying the electronically stored information described in Attachment B-4.

## ATTACHMENT A-5

*Property to be seized*

The property to be searched is **Cellular Telephone 3**, utilizing phone number **602-783-4604** being used by Freddy GRANADO. This warrant authorizes the forensic examination of **Cellular Telephone 3** for the purpose of identifying the electronically stored information described in Attachment B-5.

## ATTACHMENT A-6

*Property to be searched*

The property to be searched is **Subject Vehicle 1**, a 2023 black Dodge Ram 1500 displaying Arizona license plate EWA34S, registered to Tony-Khalid SALEM.





## ATTACHMENT A-7

*Property to be searched*

The property to be searched is **Subject Vehicle 2**, a 2023 white Interstate West Corporation utility trailer displaying Arizona license plate VLA2FW, registered to Tony-Khalid SALEM.





## ATTACHMENT A-8

*Property to be searched*

The property to be searched is **Subject Vehicle 3**, a 2015 black Jeep Grand Cherokee displaying Arizona license plate TGA450, registered to Mario Daniel BECERRA.



## ATTACHMENT A-9

*Property to be searched*

The property to be searched is **Subject Vehicle 4**, a 2019 gray Chevrolet Silverado displaying Arizona license plate JHA2DNA, registered to Rosario Rendon-Granado, and utilized and driven by Freddy GRANADO.



**ATTACHMENT B-1**

*Property to be seized*

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of violations of Title 18 U.S.C. § 922(a)(6) (Material False Statement During the Purchase of a Firearm), 18 U.S.C. § 2(a) (Aiding and Abetting), 18 U.S.C. § 924(a)(1)(A) (False Statement During the Purchase of a Firearm), 18 U.S.C. § 933 (Firearms Trafficking), 18 U.S.C. § 932 (Straw Purchasing of Firearms), 18 U.S.C. § 1956(a)(1) (Laundering of Monetary Instruments), and 18 U.S.C. § 371 (Conspiracy) dated from June 1, 2022 to present.

1.      Records related to the purchase, distribution, trafficking, sale, and/or transfer of firearms by Tony-Khalid SALEM, Mario Daniel BECERRA, Freddy GRANADO and Baseline Thrift & Bargains, LLC (Baseline Pawn), related to the above offenses, including the Federal Firearms Licensee (FFL) Baseline Pawn's Firearm Acquisition & Disposition Book, the ATF Form 3310.11 completed by Baseline Pawn, ledgers, bills of sale, firearm and firearm parts purchase receipts/invoices, ATF Form 4473s, ATF Firearm Multiple Sale Reports, completed Baseline Pawn customer invoices and/or purchase receipts, import and export documents, and/or pawn receipts, whether in physical format or digitally stored.

2.      Financial records providing evidence SALEM's monetary gain in the relevant criminal activity, including bank records, wire remittance receipts, money orders, business and/or personal checks, receipts, cashier's checks, deposit slips, and/or bank statements, whether in physical format or digitally stored.

3.      Firearms commonly desired by Mexican drug trafficking organizations, including Ohio Ordnance M2 series firearms, FN Herstal / FN America M249S series firearms, FN Herstal / FN America SCAR series firearms, AK-47 style firearms of various manufacturers such as Century International Arms, Pioneer

Arms, and DPMS Panther Arms, Barrett .50 caliber firearms, Century International Arms Draco series firearms, Ohio Ordnance M240 series firearms, any other belt-fed style firearm, Glock firearms chambered in 9 mm, .40 caliber, and .45 caliber, Colt .38 super firearms, Beretta M9 and model 92 handgun variants and photographs of firearms and/or of persons in possession of firearms, which show involvement in the criminal offenses listed above.

4.      Documents that establish the person(s) who have control over this searched property, including licensing paperwork for the FFL and U.S. business/personal mail.

5.      U.S. currency related to activities and/or transactions associated with the illegal trafficking or straw purchasing of firearms, i.e., bulk U.S. currency.

6.      SALEM's laptop computer, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms or related to the acquisition and transfer of firearms in connection with any of the offenses listed above.

7.      SALEM, BECERRA, and GRANADO's cell phones, meaning any cell phone possessed by or in SALEM, BECERRA, and GRANADO's apparent control, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms, or related to the acquisition or transfer of firearms related to any of the offenses listed above, contact information and call logs for the same, and postings and communications demonstrating illegal activity.

8.      Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, DVR, and SIM cards (hereafter referred to collectively as "electronic storage media");

9.      Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10. Any digital media device capable of retaining photographs or videos, such as thumb drives, CD-ROMS, DVD's, Blu Ray disks, memory cards, DVR, hard drives and SIM cards (hereafter referred to collectively as "electronic storage media").

11. Records showing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment;

12. Any records and information found within the digital contents of any electronic storage media seized from the Subject Premises, including:

a) all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms (including firearms parts, frames, receivers, and accessories);

b) all information related to buyers or sources of firearms (including names, addresses, telephone numbers, locations, or any other identifying information);

c) all bank records, checks, credit card bills, account information, or other financial records;

d) all information regarding the receipt, transfer, possession, transportation, or use of firearm proceeds;

e) any information recording schedule or travel;

f) evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

g) evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic

storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

h)    evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

i)    evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

j)    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

k)    passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

l)    documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

m)    records of or information about Internet Protocol addresses used by the electronic storage media;

n)    records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or 4 "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

o)    contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address

books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

## ATTACHMENT B-2

### *Property to be seized*

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of violations of Title 18 U.S.C. § 922(a)(6) (Material False Statement During the Purchase of a Firearm), 18 U.S.C. § 2(a) (Aiding and Abetting), 18 U.S.C. § 924(a)(1)(A) (False Statement During the Purchase of a Firearm), 18 U.S.C. § 933 (Firearms Trafficking), 18 U.S.C. § 932 (Straw Purchasing of Firearms), 18 U.S.C. § 1956(a)(1) (Laundering of Monetary Instruments), and 18 U.S.C. § 371 (Conspiracy) dated from June 1, 2022 to present.

1.      Records related to the purchase, distribution, trafficking, sale, and/or transfer of firearms by Tony-Khalid SALEM, Mario Daniel BECERRA, Freddy GRANADO and Baseline Thrift & Bargains, LLC (Baseline Pawn), related to the above offenses, including the Federal Firearms Licensee (FFL) Baseline Pawn's Firearm Acquisition & Disposition Book, the ATF Form 3310.11 completed by Baseline Pawn, ledgers, bills of sale, firearm and firearm parts purchase receipts/invoices, ATF Form 4473s, ATF Firearm Multiple Sale Reports, completed Baseline Pawn customer invoices and/or purchase receipts, import and export documents, and/or pawn receipts, whether in physical format or digitally stored.

2.      Financial records providing evidence SALEM's monetary gain in the relevant criminal activity, including bank records, wire remittance receipts, money orders, business and/or personal checks, receipts, cashier's checks, deposit slips, and/or bank statements, whether in physical format or digitally stored.

3.      Firearms commonly desired by Mexican drug trafficking organizations, including Ohio Ordnance M2 series firearms, FN Herstal / FN America M249S series firearms, FN Herstal / FN America SCAR series firearms, AK-47 style firearms of various manufacturers such as Century International Arms, Pioneer

Arms, and DPMS Panther Arms, Barrett .50 caliber firearms, Century International Arms Draco series firearms, Ohio Ordnance M240 series firearms, any other belt-fed style firearm, Glock firearms chambered in 9 mm, .40 caliber, and .45 caliber, Colt .38 super firearms, Beretta M9 and model 92 handgun variants and photographs of firearms and/or of persons in possession of firearms, which show involvement in the criminal offenses listed above.

4.	Documents that establish the person(s) who have control over this searched property, including licensing paperwork for the FFL and U.S. business/personal mail.

5.	U.S. currency related to activities and/or transactions associated with the illegal trafficking or straw purchasing of firearms, i.e., bulk U.S. currency.

6.	SALEM's laptop computer, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms or related to the acquisition and transfer of firearms in connection with any of the offenses listed above.

7.	SALEM, BECERRA, and GRANADO's cell phones, meaning any cell phone possessed by or in SALEM, BECERRA, and GRANADO's apparent control, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms, or related to the acquisition or transfer of firearms related to any of the offenses listed above, contact information and call logs for the same, and postings and communications demonstrating illegal activity.

8.	Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, DVR, and SIM cards (hereafter referred to collectively as "electronic storage media");

9.	Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10.     Any digital media device capable of retaining photographs or videos, such as thumb drives, CD-ROMS, DVD's, Blu Ray disks, memory cards, DVR, hard drives and SIM cards (hereafter referred to collectively as "electronic storage media").

11.     Records showing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment;

12.     Any records and information found within the digital contents of any electronic storage media seized from the Subject Premises, including:

     a)     all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms (including firearms parts, frames, receivers, and accessories);

     b)     all information related to buyers or sources of firearms (including names, addresses, telephone numbers, locations, or any other identifying information);

     c)     all bank records, checks, credit card bills, account information, or other financial records;

     d)     all information regarding the receipt, transfer, possession, transportation, or use of firearm proceeds;

     e)     any information recording schedule or travel;

     f)     evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

     g)     evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic

storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

h) evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

i) evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

j) evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

k) passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

l) documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

m) records of or information about Internet Protocol addresses used by the electronic storage media;

n) records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or 4 "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

o) contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address

books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

**ATTACHMENT B-3**

*Property to be seized*

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of violations of Title 18 U.S.C. § 922(a)(6) (Material False Statement During the Purchase of a Firearm), 18 U.S.C. § 2(a) (Aiding and Abetting), 18 U.S.C. § 924(a)(1)A) (False Statement During the Purchase of a Firearm), 18 U.S.C. § 933 (Firearms Trafficking), 18 U.S.C. § 932 (Straw Purchasing of Firearms) 18 U.S.C. § 1956(a)(1) (Laundering of Monetary Instruments), and 18 U.S.C. § 371 (Conspiracy) dated from June 1, 2022 to present.

    a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms;

    b. all information related to buyers or sources of firearms (including names, addresses, telephone numbers, contact information, photographs, locations, or any other identifying information);

    c. all bank records, checks, credit card bills, account information, or other financial records reflecting the disposition of firearms proceeds;

    d. all information regarding the receipt, transfer, possession, transportation, or use of firearms proceeds;

    e. any information recording schedule or travel;

    f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

    g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the CELLULAR TELEPHONE/DEVICE showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs,

phonebooks, saved usernames and passwords, documents, correspondence, photographs, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

During the execution of the search of the Subject Device(s) described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; (2) hold a device found at the premises in front of the face those same individuals and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

**ATTACHMENT B-4**

*Property to be seized*

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of violations of Title 18 U.S.C. § 922(a)(6) (Material False Statement During the Purchase of a Firearm), 18 U.S.C. § 2(a) (Aiding and Abetting), 18 U.S.C. § 924(a)(1)A) (False Statement During the Purchase of a Firearm), 18 U.S.C. § 933 (Firearms Trafficking), 18 U.S.C. § 932 (Straw Purchasing of Firearms) 18 U.S.C. § 1956(a)(1) (Laundering of Monetary Instruments), and 18 U.S.C. § 371 (Conspiracy) dated from June 1, 2022 to present.

a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms;

b. all information related to buyers or sources of firearms (including names, addresses, telephone numbers, contact information, photographs, locations, or any other identifying information);

c. all bank records, checks, credit card bills, account information, or other financial records reflecting the disposition of firearms proceeds;

d. all information regarding the receipt, transfer, possession, transportation, or use of firearms proceeds;

e. any information recording schedule or travel;

f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

g. contextual information necessary to understand the above evidence.

3.    Any records and information found within the digital contents of the CELLULAR TELEPHONE/DEVICE showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs,

phonebooks, saved usernames and passwords, documents, correspondence, photographs, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

During the execution of the search of the Subject Device(s) described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; (2) hold a device found at the premises in front of the face those same individuals and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

## ATTACHMENT B-5

*Property to be seized*

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of violations of Title 18 U.S.C. § 922(a)(6) (Material False Statement During the Purchase of a Firearm), 18 U.S.C. § 2(a) (Aiding and Abetting), 18 U.S.C. § 924(a)(1)A) (False Statement During the Purchase of a Firearm), 18 U.S.C. § 933 (Firearms Trafficking), 18 U.S.C. § 932 (Straw Purchasing of Firearms) 18 U.S.C. § 1956(a)(1) (Laundering of Monetary Instruments), and 18 U.S.C. § 371 (Conspiracy) dated from June 1, 2022 to present.

 a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms;

 b. all information related to buyers or sources of firearms (including names, addresses, telephone numbers, contact information, photographs, locations, or any other identifying information);

 c. all bank records, checks, credit card bills, account information, or other financial records reflecting the disposition of firearms proceeds;

 d. all information regarding the receipt, transfer, possession, transportation, or use of firearms proceeds;

 e. any information recording schedule or travel;

 f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

 g. contextual information necessary to understand the above evidence.

4. Any records and information found within the digital contents of the CELLULAR TELEPHONE/DEVICE showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs,

phonebooks, saved usernames and passwords, documents, correspondence, photographs, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

During the execution of the search of the Subject Device(s) described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; (2) hold a device found at the premises in front of the face those same individuals and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

**ATTACHMENT B-6**

*Property to be seized*

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of violations of Title 18 U.S.C. § 922(a)(6) (Material False Statement During the Purchase of a Firearm), 18 U.S.C. § 2(a) (Aiding and Abetting), 18 U.S.C. § 924(a)(1)(A) (False Statement During the Purchase of a Firearm), 18 U.S.C. § 933 (Firearms Trafficking), 18 U.S.C. § 932 (Straw Purchasing of Firearms), 18 U.S.C. § 1956(a)(1) (Laundering of Monetary Instruments), and 18 U.S.C. § 371 (Conspiracy) dated from June 1, 2022 to present.

1.      Records related to the purchase, distribution, trafficking, sale, and/or transfer of firearms by Tony-Khalid SALEM, Mario Daniel BECERRA, Freddy GRANADO and Baseline Thrift & Bargains, LLC (Baseline Pawn), related to the above offenses, including the Federal Firearms Licensee (FFL) Baseline Pawn's Firearm Acquisition & Disposition Book, the ATF Form 3310.11 completed by Baseline Pawn, ledgers, bills of sale, firearm and firearm parts purchase receipts/invoices, ATF Form 4473s, ATF Firearm Multiple Sale Reports, completed Baseline Pawn customer invoices and/or purchase receipts, import and export documents, and/or pawn receipts, whether in physical format or digitally stored.

2.      Financial records providing evidence SALEM's monetary gain in the relevant criminal activity, including bank records, wire remittance receipts, money orders, business and/or personal checks, receipts, cashier's checks, deposit slips, and/or bank statements, whether in physical format or digitally stored.

3.      Firearms commonly desired by Mexican drug trafficking organizations, including Ohio Ordnance M2 series firearms, FN Herstal / FN America M249S series firearms, FN Herstal / FN America SCAR series firearms, AK-47 style firearms of various manufacturers such as Century International Arms, Pioneer Arms, and DPMS Panther

Arms, Barrett .50 caliber firearms, Century International Arms Draco series firearms, Ohio Ordnance M240 series firearms, any other belt-fed style firearm, Glock firearms chambered in 9 mm, .40 caliber, and .45 caliber, Colt .38 super firearms, Beretta M9 and model 92 handgun variants and photographs of firearms and/or of persons in possession of firearms, which show involvement in the criminal offenses listed above.

4.     Documents that establish the person(s) who have control over this searched property, including licensing paperwork for the FFL and U.S. business/personal mail.

5.     U.S. currency related to activities and/or transactions associated with the illegal trafficking or straw purchasing of firearms, i.e., bulk U.S. currency.

6.     SALEM's laptop computer, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms or related to the acquisition and transfer of firearms in connection with any of the offenses listed above.

7.     SALEM, BECERRA, and GRANADO's cell phones, meaning any cell phone possessed by or in SALEM, BECERRA, and GRANADO's apparent control, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms, or related to the acquisition or transfer of firearms related to any of the offenses listed above, contact information and call logs for the same, and postings and communications demonstrating illegal activity.

8.     Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, DVR, and SIM cards (hereafter referred to collectively as "electronic storage media");

9.     Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10.    Any digital media device capable of retaining photographs or videos, such as thumb drives, CD-ROMS, DVD's, Blu Ray disks, memory cards, DVR, hard drives and SIM cards (hereafter referred to collectively as "electronic storage media").

11.    Records showing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment;

12.    Any records and information found within the digital contents of any electronic storage media seized from the Subject Premises, including:

a)    all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms (including firearms parts, frames, receivers, and accessories);

b)    all information related to buyers or sources of firearms (including names, addresses, telephone numbers, locations, or any other identifying information);

c)    all bank records, checks, credit card bills, account information, or other financial records;

d)    all information regarding the receipt, transfer, possession, transportation, or use of firearm proceeds;

e)    any information recording schedule or travel;

f)    evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

g)    evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

h)      evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

i)      evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

j)      evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

k)      passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

l)      documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

m)      records of or information about Internet Protocol addresses used by the electronic storage media;

n)      records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or 4 "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

o)      contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos;

photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

**ATTACHMENT B-7**

*Property to be seized*

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of violations of Title 18 U.S.C. § 922(a)(6) (Material False Statement During the Purchase of a Firearm), 18 U.S.C. § 2(a) (Aiding and Abetting), 18 U.S.C. § 924(a)(1)(A) (False Statement During the Purchase of a Firearm), 18 U.S.C. § 933 (Firearms Trafficking), 18 U.S.C. § 932 (Straw Purchasing of Firearms), 18 U.S.C. § 1956(a)(1) (Laundering of Monetary Instruments), and 18 U.S.C. § 371 (Conspiracy) dated from June 1, 2022 to present.

1.      Records related to the purchase, distribution, trafficking, sale, and/or transfer of firearms by Tony-Khalid SALEM, Mario Daniel BECERRA, Freddy GRANADO and Baseline Thrift & Bargains, LLC (Baseline Pawn), related to the above offenses, including the Federal Firearms Licensee (FFL) Baseline Pawn's Firearm Acquisition & Disposition Book, the ATF Form 3310.11 completed by Baseline Pawn, ledgers, bills of sale, firearm and firearm parts purchase receipts/invoices, ATF Form 4473s, ATF Firearm Multiple Sale Reports, completed Baseline Pawn customer invoices and/or purchase receipts, import and export documents, and/or pawn receipts, whether in physical format or digitally stored.

2.      Financial records providing evidence SALEM's monetary gain in the relevant criminal activity, including bank records, wire remittance receipts, money orders, business and/or personal checks, receipts, cashier's checks, deposit slips, and/or bank statements, whether in physical format or digitally stored.

3.      Firearms commonly desired by Mexican drug trafficking organizations, including Ohio Ordnance M2 series firearms, FN Herstal / FN America M249S series firearms, FN Herstal / FN America SCAR series firearms, AK-47 style firearms of various manufacturers such as Century International Arms, Pioneer Arms, and DPMS Panther

Arms, Barrett .50 caliber firearms, Century International Arms Draco series firearms, Ohio Ordnance M240 series firearms, any other belt-fed style firearm, Glock firearms chambered in 9 mm, .40 caliber, and .45 caliber, Colt .38 super firearms, Beretta M9 and model 92 handgun variants and photographs of firearms and/or of persons in possession of firearms, which show involvement in the criminal offenses listed above.

4. Documents that establish the person(s) who have control over this searched property, including licensing paperwork for the FFL and U.S. business/personal mail.

5. U.S. currency related to activities and/or transactions associated with the illegal trafficking or straw purchasing of firearms, i.e., bulk U.S. currency.

6. SALEM's laptop computer, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms or related to the acquisition and transfer of firearms in connection with any of the offenses listed above.

7. SALEM, BECERRA, and GRANADO's cell phones, meaning any cell phone possessed by or in SALEM, BECERRA, and GRANADO's apparent control, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms, or related to the acquisition or transfer of firearms related to any of the offenses listed above, contact information and call logs for the same, and postings and communications demonstrating illegal activity.

8. Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, DVR, and SIM cards (hereafter referred to collectively as "electronic storage media");

9. Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10.     Any digital media device capable of retaining photographs or videos, such as thumb drives, CD-ROMS, DVD's, Blu Ray disks, memory cards, DVR, hard drives and SIM cards (hereafter referred to collectively as "electronic storage media").

11.     Records showing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment;

12.     Any records and information found within the digital contents of any electronic storage media seized from the Subject Premises, including:

a)     all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms (including firearms parts, frames, receivers, and accessories);

b)     all information related to buyers or sources of firearms (including names, addresses, telephone numbers, locations, or any other identifying information);

c)     all bank records, checks, credit card bills, account information, or other financial records;

d)     all information regarding the receipt, transfer, possession, transportation, or use of firearm proceeds;

e)     any information recording schedule or travel;

f)     evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

g)     evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

h)    evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

i)    evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

j)    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

k)    passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

l)    documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

m)    records of or information about Internet Protocol addresses used by the electronic storage media;

n)    records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or 4 "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

o)    contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos;

photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

**ATTACHMENT B-8**

*Property to be seized*

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of violations of Title 18 U.S.C. § 922(a)(6) (Material False Statement During the Purchase of a Firearm), 18 U.S.C. § 2(a) (Aiding and Abetting), 18 U.S.C. § 924(a)(1)(A) (False Statement During the Purchase of a Firearm), 18 U.S.C. § 933 (Firearms Trafficking), 18 U.S.C. § 932 (Straw Purchasing of Firearms), 18 U.S.C. § 1956(a)(1) (Laundering of Monetary Instruments), and 18 U.S.C. § 371 (Conspiracy) dated from June 1, 2022 to present.

1.      Records related to the purchase, distribution, trafficking, sale, and/or transfer of firearms by Tony-Khalid SALEM, Mario Daniel BECERRA, Freddy GRANADO and Baseline Thrift & Bargains, LLC (Baseline Pawn), related to the above offenses, including the Federal Firearms Licensee (FFL) Baseline Pawn's Firearm Acquisition & Disposition Book, the ATF Form 3310.11 completed by Baseline Pawn, ledgers, bills of sale, firearm and firearm parts purchase receipts/invoices, ATF Form 4473s, ATF Firearm Multiple Sale Reports, completed Baseline Pawn customer invoices and/or purchase receipts, import and export documents, and/or pawn receipts, whether in physical format or digitally stored.

2.      Financial records providing evidence SALEM's monetary gain in the relevant criminal activity, including bank records, wire remittance receipts, money orders, business and/or personal checks, receipts, cashier's checks, deposit slips, and/or bank statements, whether in physical format or digitally stored.

3.      Firearms commonly desired by Mexican drug trafficking organizations, including Ohio Ordnance M2 series firearms, FN Herstal / FN America M249S series firearms, FN Herstal / FN America SCAR series firearms, AK-47 style firearms of various manufacturers such as Century International Arms, Pioneer Arms, and DPMS Panther

Arms, Barrett .50 caliber firearms, Century International Arms Draco series firearms, Ohio Ordnance M240 series firearms, any other belt-fed style firearm, Glock firearms chambered in 9 mm, .40 caliber, and .45 caliber, Colt .38 super firearms, Beretta M9 and model 92 handgun variants and photographs of firearms and/or of persons in possession of firearms, which show involvement in the criminal offenses listed above.

4.      Documents that establish the person(s) who have control over this searched property, including licensing paperwork for the FFL and U.S. business/personal mail.

5.      U.S. currency related to activities and/or transactions associated with the illegal trafficking or straw purchasing of firearms, i.e., bulk U.S. currency.

6.      SALEM's laptop computer, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms or related to the acquisition and transfer of firearms in connection with any of the offenses listed above.

7.      SALEM, BECERRA, and GRANADO's cell phones, meaning any cell phone possessed by or in SALEM, BECERRA, and GRANADO's apparent control, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms, or related to the acquisition or transfer of firearms related to any of the offenses listed above, contact information and call logs for the same, and postings and communications demonstrating illegal activity.

8.      Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, DVR, and SIM cards (hereafter referred to collectively as "electronic storage media");

9.      Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10. Any digital media device capable of retaining photographs or videos, such as thumb drives, CD-ROMS, DVD's, Blu Ray disks, memory cards, DVR, hard drives and SIM cards (hereafter referred to collectively as "electronic storage media").

11. Records showing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment;

12. Any records and information found within the digital contents of any electronic storage media seized from the Subject Premises, including:

a) all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms (including firearms parts, frames, receivers, and accessories);

b) all information related to buyers or sources of firearms (including names, addresses, telephone numbers, locations, or any other identifying information);

c) all bank records, checks, credit card bills, account information, or other financial records;

d) all information regarding the receipt, transfer, possession, transportation, or use of firearm proceeds;

e) any information recording schedule or travel;

f) evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

g) evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

h)    evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

i)    evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

j)    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

k)    passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

l)    documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

m)    records of or information about Internet Protocol addresses used by the electronic storage media;

n)    records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or 4 "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

o)    contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos;

photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

**ATTACHMENT B-9**

*Property to be seized*

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of violations of Title 18 U.S.C. § 922(a)(6) (Material False Statement During the Purchase of a Firearm), 18 U.S.C. § 2(a) (Aiding and Abetting), 18 U.S.C. § 924(a)(1)(A) (False Statement During the Purchase of a Firearm), 18 U.S.C. § 933 (Firearms Trafficking), 18 U.S.C. § 932 (Straw Purchasing of Firearms), 18 U.S.C. § 1956(a)(1) (Laundering of Monetary Instruments), and 18 U.S.C. § 371 (Conspiracy) dated from June 1, 2022 to present.

1.      Records related to the purchase, distribution, trafficking, sale, and/or transfer of firearms by Tony-Khalid SALEM, Mario Daniel BECERRA, Freddy GRANADO and Baseline Thrift & Bargains, LLC (Baseline Pawn), related to the above offenses, including the Federal Firearms Licensee (FFL) Baseline Pawn's Firearm Acquisition & Disposition Book, the ATF Form 3310.11 completed by Baseline Pawn, ledgers, bills of sale, firearm and firearm parts purchase receipts/invoices, ATF Form 4473s, ATF Firearm Multiple Sale Reports, completed Baseline Pawn customer invoices and/or purchase receipts, import and export documents, and/or pawn receipts, whether in physical format or digitally stored.

2.      Financial records providing evidence SALEM's monetary gain in the relevant criminal activity, including bank records, wire remittance receipts, money orders, business and/or personal checks, receipts, cashier's checks, deposit slips, and/or bank statements, whether in physical format or digitally stored.

3.      Firearms commonly desired by Mexican drug trafficking organizations, including Ohio Ordnance M2 series firearms, FN Herstal / FN America M249S series firearms, FN Herstal / FN America SCAR series firearms, AK-47 style firearms of various manufacturers such as Century International Arms, Pioneer Arms, and DPMS Panther

Arms, Barrett .50 caliber firearms, Century International Arms Draco series firearms, Ohio Ordnance M240 series firearms, any other belt-fed style firearm, Glock firearms chambered in 9 mm, .40 caliber, and .45 caliber, Colt .38 super firearms, Beretta M9 and model 92 handgun variants and photographs of firearms and/or of persons in possession of firearms, which show involvement in the criminal offenses listed above.

4.      Documents that establish the person(s) who have control over this searched property, including licensing paperwork for the FFL and U.S. business/personal mail.

5.      U.S. currency related to activities and/or transactions associated with the illegal trafficking or straw purchasing of firearms, i.e., bulk U.S. currency.

6.      SALEM's laptop computer, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms or related to the acquisition and transfer of firearms in connection with any of the offenses listed above.

7.      SALEM, BECERRA, and GRANADO's cell phones, meaning any cell phone possessed by or in SALEM, BECERRA, and GRANADO's apparent control, to search for the records listed above, as well as any communications related to the straw purchasing or trafficking of firearms, or related to the acquisition or transfer of firearms related to any of the offenses listed above, contact information and call logs for the same, and postings and communications demonstrating illegal activity.

8.      Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, DVR, and SIM cards (hereafter referred to collectively as "electronic storage media");

9.      Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10.     Any digital media device capable of retaining photographs or videos, such as thumb drives, CD-ROMS, DVD's, Blu Ray disks, memory cards, DVR, hard drives and SIM cards (hereafter referred to collectively as "electronic storage media").

11.     Records showing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment;

12.     Any records and information found within the digital contents of any electronic storage media seized from the Subject Premises, including:

a)     all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms (including firearms parts, frames, receivers, and accessories);

b)     all information related to buyers or sources of firearms (including names, addresses, telephone numbers, locations, or any other identifying information);

c)     all bank records, checks, credit card bills, account information, or other financial records;

d)     all information regarding the receipt, transfer, possession, transportation, or use of firearm proceeds;

e)     any information recording schedule or travel;

f)     evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

g)     evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

h)    evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

i)    evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

j)    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

k)    passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

l)    documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

m)    records of or information about Internet Protocol addresses used by the electronic storage media;

n)    records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or 4 "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

o)    contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos;

photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.